IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| REYNALDO CUEVA, | § | |
| | § | |
| v. | § | |
| | § | |
| E.L. LOPEZ, JR. TRUCKING, LLC; | § | CIVIL ACTION NO. 7:20-cv-141 |
| E.L. LOPEZ, JR., INDIVIDUALLY; | § | |
| BIBI'S TRUCK & TRAILER | § | |
| EQUIPMENT, LLC; LOPEZ | § | |
| TOWING SERVICE, LLC; AND | § | |
| PAN-AMERICAN LIFE INSURANCE | § | |
| COMPANY | § | |

## DEFENDANT PAN-AMERICAN LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL

To the Clerk of the Above-Entitled Court:

PLEASE TAKE NOTICE that Pan-American Life Insurance Company ("PALIC") hereby removes to this Court the state court action described below:

1. On October 4, 2019, an action was commenced in the 197th District Court in Willacy County, Texas, Cause No. 2019-CV-0084-A, styled *Reynaldo Cueva v. Bibi's Truck & Trailer Equipment, LLC and Lopez Trucking* ("State Court Proceeding").

2. The first date upon which PALIC received notice of a copy of the Plaintiff's First Supplemental Petition ("Petition") was May 8, 2020, when PALIC's registered agent was served with a copy of the Petition in the State Court Proceeding. Accordingly, PALIC files this notice of removal within the 30 day time period required by 28 U.S.C. § 1446(b). *Bd. of Regents of Univ. of Tex. Sys. V. Nippon Tel. & Tel. Corp.,* 478 F.3d 274, 278 (5th Cir. 2007).

3. Pursuant to LR 81, attached are:

  a. Exhibit "1" – An Index of Materials Being Filed;

| **Exhibit** | **Document** |
|---|---|
| "1-A" | Plaintiff's Original Petition and Request for Disclosure |
| "1-B" | March 6, 2019 Correspondence from Wendy Watson |
| "1-C" | March 11, 2019 Correspondence form Wendy Watson |
| "1-D" | Plaintiff's First Amended Petition and Request for Disclosure |
| "1-E" | Plaintiff's Supplemental Petition |
| "1-F" | Defendant's Original Answer, Jury Demand and Request for Disclosure |
| "1-G" | May 3, 2020 Correspondence form Wendy Watson |
| "1-H" | Motion to Compel Mediation |
| "1-I" | Fiat/Request for Oral Hearing |
| "1-J" | Order on Plaintiff's Motion to Compel Mediation |
| "1-K" | List of counsel of record, including address, telephone numbers, and parties represented |
| "1-L" | Citation for Pan-American Life Insurance Company |
| "1-M" | Docket Sheet |
| "1-N" | May 18, 2020 Correspondence from Michael C. Dodge |

4.      This action is a civil action of which this Court has original jurisdiction under 28

U.S.C. § 1331, and is one which may be removed to this Court by defendant pursuant to the

provisions of 28 U.S.C. § 1441(a) in that it arises under the Employee Retirement Income

Security Act of 1974 (ERISA), 29 U.S.C. §§ 18, *et seq. Brable & Sons Metal Prods., Inc. v.*

*Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Broder v. Cablevision Sys. Corp.,* 418 F.3d 187, 194 (2nd Cir. 2005); *Peters v. Union Pac. R.R.,* 80 F.3d 257, 260 (8th Cir. 1996).

5.      Specifically, Plaintiff alleges that PALIC breached an ERISA employee welfare benefit plan entered into between PALIC and Plaintiff by allegedly failing and/or refusing to pay "adequate compensation as it is obligated to do under the terms of the [Plan] in question…" See, Exhibit "1-E," ¶5. Plaintiff goes on to assert a host of claims predicated upon PALIC's alleged failure to pay benefits provided under the ERISA Plan.

6.      All defendants who have been properly joined and served, join in or consent to the removal of this case to federal court. 28 U.S.C. § 1446(b)(2)(A); *Cook v. Randolph Cnty.,* 573 F.3d 1143, 1150-51 (11th Cir. 2009); *Pritchett v. Cottrell, Inc.,* 512 F.3d 1057, 1062 (8th Cir. 2008); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004).

7.      Venue is proper in this District under 28 U.S.C. § 1441(a) because the State Court Proceeding has been pending in a county located in this District.

8.      PALIC will concurrently file a copy of this notice of removal with the clerk of the State Court where the State Court Proceeding has been pending.

9.      A jury demand was required by Plaintiff and defendants E.L. Lopez, Jr. Trucking, LLC E.L. Lopez, Jr., Individually, Bibi Truck and Trailer Equipment, LLC, and Lopez Towing Service, LLC in the State Court Proceeding.

Dated June 1, 2020.

Respectfully submitted,

By:    /s/ Joseph D. Zopolsky
        Joseph D. Zopolsky
        Attorney-In-Charge
        State Bar No. 24033500
        S. Dist. of Texas Bar No. 33512

Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254-1449
972.419.8300
972.419.8329 facsimile
jzopolsky@gpm-law.com

COUNSEL FOR DEFENDANT
PAN-AMERICAN LIFE
INSURANCE COMPANY

Of Counsel:
James C. Erdle, Jr.
State Bar No. 24069680
S. Dist. of Texas Bar No. 1223104
Michael C. Dodge
State Bar No. 05937000
S. Dist. of Texas Bar No. 27453
Christopher K. Chapaneri
State Bar No. 24065032
S. Dist. Of Texas Bar No. 343870
Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254-1449
972.419.8300
972.419.8329 facsimile
jerdle@gpm-law.com
mdodge@gpm-law.com
cchapaneri@gpm-law.com

## CERTIFICATE OF CONFERENCE

On May 29, 2020, counsel for Pan American Life Insurance Company reached out to counsel for E.L. Lopez, Jr. Trucking, LLC; E.L. Lopez, Jr., Individually; Bibi's Truck and Trailer Equipment, LLC; and Lopez Towing Service, LLC (collectively, "Co-Defendants") to conference on whether Co-Defendants would consent to removal. Counsel for Co-Defendants indicated that Co-Defendants consent to removal.

/s/ Joseph D. Zopolsky
Joseph D. Zopolsky


## CERTIFICATE OF SERVICE

On this 1st day of June, 2020, I electronically submitted the foregoing document with the clerk of the court for the United States District Court, Southern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record via certified mail as authorized by Federal Rules of Civil Procedure.

/s/ Joseph D. Zopolsky
Joseph D. Zopolsky

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| REYNALDO CUEVA, | § | |
| | § | |
| v. | § | |
| | § | |
| E.L. LOPEZ, JR. TRUCKING, LLC; | § | CIVIL ACTION NO. 7:20-cv-141 |
| E.L. LOPEZ, JR., INDIVIDUALLY; | § | |
| BIBI'S TRUCK & TRAILER | § | |
| EQUIPMENT, LLC; LOPEZ | § | |
| TOWING SERVICE, LLC; AND | § | |
| PAN-AMERICAN LIFE INSURANCE | § | |
| COMPANY | § | |

## INDEX OF MATERIALS FILED WITH NOTICE OF REMOVAL

### EXHIBIT "1"

**Exhibit**          **Document**

| | |
|---|---|
| "1-A" | Plaintiff's Original Petition and Request for Disclosure |
| "1-B" | March 6, 2019 Correspondence from Wendy Watson |
| "1-C" | March 11, 2019 Correspondence form Wendy Watson |
| "1-D" | Plaintiff's First Amended Petition and Request for Disclosure |
| "1-E" | Plaintiff's Supplemental Petition |
| "1-F" | Defendant's Original Answer, Jury Demand and Request for Disclosure |
| "1-G" | May 3, 2020 Correspondence form Wendy Watson |
| "1-H" | Motion to Compel Mediation |
| "1-I" | Fiat/Request for Oral Hearing |

"1-J"                          Order on Plaintiff's Motion to Compel Mediation

"1-K"                          List of counsel of record, including address,
                               telephone numbers, and parties represented

"1-L"                          Citation for Pan-American Life Insurance Company

"1-M"                          Docket Sheet

"1-N"                          May 18, 2020 Correspondence from Michael C.
                               Dodge

Respectfully submitted,

By:    /s/ Joseph D. Zopolsky
        Joseph D. Zopolsky
        Attorney-In-Charge
        State Bar No. 24033500
        S. Dist. of Texas Bar No. 33512

Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254-1449
972.419.8300
972.419.8329 facsimile
jzopolsky@gpm-law.com

COUNSEL FOR DEFENDANT
PAN-AMERICAN LIFE
INSURANCE COMPANY

Of Counsel:
James C. Erdle, Jr.
State Bar No. 24069680
S. Dist. of Texas Bar No. 1223104
Michael C. Dodge
State Bar No. 05937000
S. Dist. of Texas Bar No. 27453
Christopher K. Chapaneri
State Bar No. 24065032
S. Dist. Of Texas Bar No. 343870
Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254-1449
972.419.8300
972.419.8329 facsimile
jerdle@gpm-law.com
mdodge@gpm-law.com
cchapaneri@gpm-law.com

## <u>CERTIFICATE OF SERVICE</u>

On this 1st day of June, 2020, I electronically submitted the foregoing document with the clerk of the court for the United States District Court, Southern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record via certified mail as authorized by Federal Rules of Civil Procedure.

/s/ Joseph D. Zopolsky
Joseph D. Zopolsky

Filed 3/6/2019 6:07 PM
Isabel Adame
District Clerk
Willacy County, Texas
Reviewed By: Isabel Mejia

CAUSE NO. _____2019-CV-0084-A_____

| | | |
|---|---|---|
| REYNALDO CUEVA, | § | IN THE DISTRICT COURT |
| | § | |
| *PLAINTIFF,* | § | |
| | § | |
| v. | § | 197th _____JUDICIAL DISTRICT |
| | § | |
| BIBI'S TRUCK & TRAILER | § | |
| EQUIPMENT, LLC AND | § | |
| LOPEZ TRUCKING | § | WILLACY COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW,  Reynaldo Cueva and files this Original Petition and Request

for Disclosure complaining of BIBI'S TRUCK & TRAILER EQUIPMENT, LLC AND

LOPEZ TRUCKING, Defendants in the above styled matter and would respectfully

show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.1 Plaintiff intends to conduct discovery under Level III of Texas Rule of

Civil Procedure 190.4.

### II.
### PARTIES

**Plaintiff**:

2.1    Plaintiff Reynaldo Cueva is an individual and resident of Jim Wells

County, Texas.

1

EXHIBIT "1-A"

**Defendants**:

2.2     Defendant BIBI'S TRUCK AND TRAILER EQUIPMENT, LLC is a company who is authorized to do business within the state of Texas and whose principal office is at 1292 W Durham Ave. Raymondville, TX 78580 and who may be served with process through its registered agent, Eusebio L Lopez Jr. 1292 W. Durham Ave. Raymondville, TX 78580.

2.3     Defendant LOPEZ TRUCKING is a company authorized to do business within the state of Texas and whose principal office is located at 1204 W Durham Ave. Raymondville, TX 78580 and who may be served with process through its registered agent, Eusebio L Lopez Jr. 1204 W. Durham Ave. Raymondville, TX 78580

### III.
#### VENUE AND JURISDICTION

3.2     Venue is proper and maintainable in Willacy County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3) since it is Defendant's Bibi's Truck and Trailer Equipment, LLC principal office in this state.

3.3     This Court has jurisdiction over the subject matter of the controversy in this case because Plaintiffs' asserted claims and causes of action are being brought under Texas law and because the amount in controversy in this case is within the jurisdictional limits of this Court.

3.4     The court has personal jurisdiction over each Defendant because each Defendant is doing business in the State of Texas and because all acts giving rise to the present litigation occurred in the State of Texas.

## IV.
### BACKGROUND FACTS

4.1     On or about August 24, 2018, Reynaldo Cueva was an employee of Lopez Trucking located at 1204 W. Durham, Raymondville, Texas 78580.  On the date in question, Mr. Cueva was driving a truck or trailer rented from Defendant Bibi's Truck and Trailer Equipment.  While driving through El Campo, Texas, the rental truck sustained a flat tire.

4.2     Mr. Cueva pulled off the road and was in the process of changing the flat tire when the tire suddenly exploded and with great force, the wheel rim impacted with his abdomen causing internal and intestinal damage.

4.3     Mr. Cueva was then transported by ambulance to Memorial Hermann Southwest Hospital in Houston, Texas where he was evaluated for his internal injuries, and based on the medical findings, it was determined that he would have to undergo abdominal surgical procedures to treat the injuries he sustained from the tire incident.

4.4     At all times material to the incident made the basis of this suit, Bibi's Truck and Trailer Equipment Rental had a duty to inspect, repair or replace and maintain its rental equipment which it failed to do so and resulted in the injuries sustained by Mr. Cueva.

CAUSES OF ACTION

V.

NEGLIGENCE

**Defendant Bibi's Truck and Trailer Equipment:**

5.1     This is a general negligence action against Defendant Bibi's Truck and

Trailer Equipment, LLC for the following reasons:

- failed to timely inspect, repair or replace, and maintain
  rental equipment, specifically—tires;

- failed to implement adequate maintenance and safety
  procedures to ensure proper functioning of equipment
  prior to renting;

- failed to warn Plaintiff of the tire hazard which they knew or
  should have known about, and/or make reasonably safe any
  known dangerous condition and/or reduce or eliminate
  any unreasonable risk of harm to the Plaintiff.

  Plaintiff reserves the right to amend or plead additional negligent acts

or omissions by Defendant Bibi's Truck and Trailer Equipment in the future.

**Defendant Lopez Trucking:**

5.2     This general negligence action is also against Lopez Trucking, Plaintiff's

employer, Lopez Trucking for the following reasons:

- Defendant failed to properly inspect the rental equipment prior to
  use by its employees;

- Defendant failed to properly train its employees;

- Defendant failed to warn of rental equipment which they knew
  or should have known was hazardous and unsafe for driving;

- Defendants failed to provide a safe working environment;

Plaintiff reserves the right to amend or plead additional negligent acts or omissions by Defendant Lopez Trucking in the future.

## VI.
### GROSS NEGLIGENCE

6.1    Defendants conduct constitutes gross negligence, as defined by Section 41 .003 of the Texas Civil Practice & Remedies Code, because its conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.   The gross negligence of the Defendants caused the incident and Cueva's injuries and damages.

Plaintiff reserves the right to amend or plead additional gross negligent acts or omissions in the future.

## VII.
### DTPA VIOLATIONS

7.1    Plaintiffs adopt and incorporates paragraphs 1-6 of Plaintiff's Original Petition, as if fully set out herein. Based on information and belief, Plaintiff contends he is a "consumers" under and as defined in the Texas Deceptive Trade Practices Consumer Protection Act (the "DTPA").  Plaintiff contends that under an independent duty imposed by law under the DTPA, Plaintiff is entitled to additional recoveries from Bibi's Truck and Trailer Equipment, LLC.

7.2    Defendant violated the Texas Consumer Protection Deceptive Trade Practice Act § 17.46 (5) (7) (24) by:

> (1)    representing that goods or services have characteristics, uses, or benefits which they do not have;

> (2)    representing that goods or services are of a particular

standard, quality, or grade when they are of another; and

(3)     failing to disclose information concerning defendants' goods that were known or should have been known to defendant at the time of the contract, so as to induce the contract, where this transaction would not have occurred had truthful disclosures about the Defendants rental equipment and faulty tires had been disclosed to Plaintiff.

Plaintiff reserves the right to amend or plead additional negligent acts or omissions in the future.

## VIII.
### DAMAGES

8.1     As the direct and proximate cause of the above-listed negligent acts and DTPA violations by these Defendants, Plaintiff has suffered in each of the following ways:

1.  he has and will continue to suffer severe pain and suffering in the future;

2.  he has suffered mental anguish in the past and will continue to suffer mental anguish in the future;

3.  he incurred medical expenses in the past and will incur medical expenses in the future;

4.  he has suffered loss of past wages, future earning capacity and vocational rehabilitation costs both past and future;

5.  he has and will continue to suffer permanent disfigurement in the past and in the future; and

6.  he has and will continue to suffer permanent physical impairment in the past and in the future.

Plaintiff reserves the right to plead additional and/or more specific damages in the future as more facts become known.  Plaintiff seeks both past and future damages.

Plaintiff seeks damages of more than $200,000 but not to exceed $1,000,000.

## IX.
### CONDITIONS PRECEDENT

9.1 Plaintiffs performed all conditions precedent to filing this action.


## X.
### JURY DEMAND

Plaintiff respectfully requests a trial by jury.

## XI.
### REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Defendants are requested to disclose within 50 days of service of this request the information or material described in Rule 194 of the Texas Rules of Civil Procedure.   Defendants are further requested to supplement all answers to this Request for Disclosure as required by the Tex. R. of Civ. Proc.

## XII.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be duly cited to appear and answer the allegations asserted in this petition, and that upon final trial of this claim, Plaintiff be granted the following:

1. Judgment against Defendants for the full amount of Plaintiff's damages, special and general, in law and in equity;

2. prejudgment and postjudgment calculated at the market rate of interest, or, in the alternative, at the statutory rate in order to fully compensate Plaintiff for the delay of receiving payment for his damages;

3. court costs; and

4. all other relief to which this Court may find Plaintiff justly entitled to receive.

Respectfully submitted**;**

**CARRIGAN & ANDERSON, P.L.L.C.**

By:     /s/Stephen P. Carrigan
**STEPHEN P. CARRIGAN**
State Bar No. 03877000
**DAVID M. ANDERSON**
State Bar No. 24064815
**3100 Timmons Lane, Suite 210**
Houston, Texas  77027
Telephone: (713) 739-0810
Facsimile: (713) 739-0821
Email: scarrigan@ccatriallaw.com
Email: danderson@ccatriallaw.com
Legal assistant: wwatson@ccatriallaw.com
Legal assistant: adominguez@ccatriallaw.com
**ATTORNEYS FOR PLAINTIFFS**

Filed 3/6/2019 6:07 PM
Isabel Adame
District Clerk
Willacy County, Texas
Reviewed By: Isabel Mejia

# CARRIGAN & ANDERSON, PLLC

3100 Timmons Lane, Suite 210
Houston, Texas  77027

Telephone                                                                              Facsimile
713-739-0810                                                                          713-739-0821

March 6, 2019

Isabel Adame
District Clerk, Pro Tem
576 W. Main Ave, Suite 102
Raymondville, Texas 78580

Re:   Cause No. 2019-CV-0084-A ; Reynaldo Cueva v. Bibi's Truck & Trailer Equipment,
LLC and Lopez Trucking; In the  197th  Judicial District of Willacy County,
Texas

Dear Clerk:

Please issue a citation to Defendant, Bibi's Truck and Trailer Equipment, by
serving its registered agent, Eusebio L. Lopez, Jr., at 1292 W. Durham Ave.,
Raymondville, Texas.  Process will be via certified mail by the clerk of the court.

Please issue a citation to Defendant, Lopez Trucking, by serving its registered
agent, Eusebio L. Lopez, Jr., at 1292 W. Durham Ave., Raymondville, Texas.  Process
will be via certified mail by the clerk of the court.

Should you have any questions regarding the foregoing, please do not hesitate
to contact me at (713) 739-0810 x 202.

Very truly yours,

Wendy Watson
Legal Assistant to Stephen P. Carrigan

:/ww

EXHIBIT "1-B"

Filed 3/11/2019 6:30 PM
Isabel Adame
District Clerk
Willacy County, Texas
Reviewed By: Isabel Mejia

# CARRIGAN & ANDERSON, PLLC

3100 Timmons Lane, Suite 210
Houston, Texas  77027

Telephone
713-739-0810

Facsimile
713-739-0821

March 11, 2019

Isabel Adame
District Clerk, Pro Tem
576 W. Main Ave, Suite 102
Raymondville, Texas 78580

Re:  Cause No. 2019-CV-0084-A; Reynaldo Cueva v. Bibi's Truck & Trailer
     Equipment, LLC and Lopez Trucking; In the 197th Judicial District of Willacy
     County, Texas

Dear Clerk:

Please issue a citation to Defendant, Bibi's Truck and Trailer Equipment, by serving its registered agent, Eusebio L. Lopez, Jr., at 1292 W. Durham Ave., Raymondville, Texas 78580-4114, or wherever he may be found.  Process will be via certified mail by the clerk of the court.  The fees were paid when the Original Petition was e-filed.

Please issue a citation to Defendant, Lopez Towing Service, LLC by serving its registered agent, Eusebio L. Lopez, Jr., at 1292 W. Durham Ave., Raymondville, Texas, 78580-4114 or wherever he may be found.  Process will be via certified mail by the clerk of the court.  The fees were paid when the Original Petition was e-filed.

Please issue a citation to Defendant, E. L. Lopez, Jr. Trucking, LLC, by serving its registered agent, Eusebio L. Lopez, Jr., at 1292 W. Durham Ave., Raymondville, Texas 78580-4114 or wherever he may be found.  Process will be via certified mail by the clerk of the court.

Please issue a citation to Defendant, Eusebio L. Lopez, Jr., by serving him at 1292 W. Durham Ave., Raymondville, Texas 78580-4114, or wherever he may be found. Service will be via certified mail by the clerk of the court.

EXHIBIT "1-C"

Willacy County District Clerk
Cueva-March 1, 2019
Page 2

Should you have any questions regarding the foregoing, please do not hesitate to contact me at (713) 739-0810 x 202.

Very truly yours,

Wendy Watson
Legal Assistant to Stephen P. Carrigan

:/ww

Filed 3/11/2019 6:30 PM
Isabel Adame
District Clerk
Willacy County, Texas
Reviewed By: Isabel Mejia

CAUSE NO. 2019-CV-0084-A

| | | |
|---|---|---|
| REYNALDO CUEVA, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| E. L. LOPEZ, JR. TRUCKING, LLC, | § | 197th JUDICIAL DISTRICT |
| E.L. LOPEZ, JR., INDIVIDUALLY, | § | |
| BIBI'S TRUCK & TRAILER | § | |
| EQUIPMENT, LLC, AND | § | |
| LOPEZ TOWING SERVICE, LLC | § | |
| | § | |
| *Defendants.* | § | WILLACY COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION
## AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW,  Reynaldo Cueva and files this Original Petition and Request

for Disclosure complaining of E. L. LOPEZ, JR. TRUCKING, LLC, E. L. LOPEZ,

JR., INDIVIDUALLY, BIBI'S TRUCK & TRAILER EQUIPMENT, LLC, AND

LOPEZ TOWING SERVICE, LLC, Defendants in the above styled matter and

would respectfully show unto the Court as follows:

### I.   DISCOVERY CONTROL PLAN

1.1    Plaintiff intends to conduct discovery under Level III of Texas Rule of Civil

Procedure 190.4.

### II.   PARTIES

2.1    Plaintiff Reynaldo Cueva is an individual and resident of Alice, Jim Wells

County, Texas.

EXHIBIT "1-D"

**Defendants**:

2.2     Defendant E. L. LOPEZ, JR. TRUCKING, LLC is a company who through August 3, 2018 was authorized to do business within the state of Texas and whose principal office is located at 1292 W Durham Ave Raymondville, TX 78580-4114 and who may be served with process through its registered agent, Eusebio L. Lopez, Jr. 1292 W Durham Ave Raymondville, TX 78580.

2.3     Defendant EUSEBIO L. LOPEZ, JR., is an individual and resident of Raymondville, Willacy County, Texas and who may be served with process at 1292 W Durham Ave Raymondville, TX 78580-4114, or wherever he may be found.

2.4     Defendant BIBI'S TRUCK & TRAILER EQUIPMENT, LLC is a company who is authorized to do business within the state of Texas and whose principal office is at 1292 W Durham Ave. Raymondville, TX 78580 and who may be served with process through its registered agent, Eusebio L Lopez, Jr. 1292 W. Durham Ave. Raymondville, TX 78580-4114.

2.5     Defendant LOPEZ TOWING SERVICE, LLC is a company who is duly authorized to do business within the state of Texas and whose principal office is located at 1292 W. Durham Raymondville, TX 78580 and who may be served with process through its registered agent, Eusebio L. Lopez, Jr. 1292 W Durham Ave Raymondville, TX 78580-4114.

### III.     VENUE AND JURISDICTION

3.2     Venue is proper and maintainable in Willacy county pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002 (a) (3) since the principal offices of Defendant's E. L.

Lopez, Jr. Trucking, LLC, Bibi's Truck & Trailer Equipment, LLC, and Lopez Towing Service, LLC are located in Willacy county.  Venue is also proper in Willacy county because it is Defendant E. L. Lopez, Jr. county of residence.

3.3    This Court has jurisdiction over the subject matter of the controversy in this case because Plaintiffs' asserted claims and causes of action are being brought under

 Texas law and because the amount in controversy in this case is within jurisdictional limits of this Court.

3.4    This court has personal jurisdiction over each Defendant because each Defendants are doing business in the State of Texas and because all acts giving rise to the present litigation occurred in the State of Texas.

## IV.   BACKGROUND FACTS

4.1    On or about August 24, 2018, Reynaldo Cueva, an employee of E. L. Lopez, Jr. Trucking, LLC located at 1242 W Durham Ave in Raymondville, Texas, was driving a truck or trailer rented from Defendant Bibi's Truck and Trailer Equipment.  While driving through El Campo, Texas, the rental truck sustained a flat tire.

4.2    Mr. Cueva pulled off the road and was in the process of changing the flat tire when the tire suddenly exploded and with great force, causing the wheel rim to strike  his abdomen causing internal and intestinal damage.

4.3    Mr. Cueva was transported by ambulance to Memorial Hermann Southwest Hospital in Houston, Texas where he was evaluated for his internal injuries.  Based

on the medical findings, it was determined that Mr. Cueva would have to undergo abdominal surgical procedures for injuries he sustained from the tire incident.

4.4    At all times material to the incident made the basis of this suit, E. L. Lopez, Jr. Trucking, LLC had a duty to provide a safe work environment free from hazards.  As a motor carrier operating under US DOT authority, his employer's duties extend to those provided under the federal code which provides, "Each employer. . . shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." 29 U.S.C. § 654(a)(1).

4.5    Bibi's Truck and Trailer Equipment Rental, LLC had a duty to inspect, repair, replace and maintain its rental equipment which it failed to do so and resulted in the injuries sustained by Mr. Cueva.

### CAUSES OF ACTION

### V.    NEGLIGENCE

### Defendant E. L. Lopez, Jr. Trucking, LLC:

5.1    This general negligence action against E. L. Lopez, Jr. Trucking, LLC for the following reasons:

- Defendant failed to properly inspect the rental equipment prior to use by its employees;

- Defendant failed to properly train its employees;

- Defendant failed to warn of rental equipment which they knew or should have known was hazardous and unsafe for driving;

- Defendants failed to provide a safe working environment;

**Defendant Bibi's Truck and Trailer Equipment:**

5.2     This is a general negligence action against Bibi's Truck & Trailer Equipment,

LLC for the following reasons:

- failed to timely inspect, repair or replace, and maintain rental equipment, specifically—tires;

- failed to implement adequate maintenance and safety procedures to ensure proper functioning of equipment prior to renting;

- failed to warn Plaintiff of the tire hazard which they knew or should have known about, and/or make reasonably safe any known dangerous condition and/or reduce or eliminate any unreasonable risk of harm to the Plaintiff.

Plaintiff reserves the right to amend or plead additional negligent acts

or omissions against all Defendants in the future.

## VI.    GROSS NEGLIGENCE

6.1     Defendants conduct, individually and collectively constitute gross negligence,

as defined by Section 41 .003 of the Texas Civil Practice & Remedies Code, because

its conduct involved an extreme degree  of risk, considering  the probability  and

magnitude  of the potential harm to others.   The gross negligence of the Defendants

caused the incident and Cueva's resulting injuries and damages.

Plaintiff reserves the right to amend or plead additional gross negligent

acts or omissions in the future.

## VII.    DTPA VIOLATIONS

7.1     Plaintiffs adopt and incorporates paragraphs 1-6 of Plaintiff's Original

Petition

as if fully set out herein. Plaintiff contends he is a "consumer" under the Texas Deceptive Trade Practices Consumer Protection Act (the "DTPA"). Plaintiff contends that under an independent duty imposed by law under the DTPA, he is entitled

to additional recoveries from Defendant Bibi's Truck and Trailer Equipment, LLC.

7.2    Defendant violated the Texas Consumer Protection Deceptive Trade Practice Act § 17.46 (5) (7) (24) by:

(1)    representing that goods or services have characteristics, uses, or benefits which they do not have;

(2)    representing that goods or services are of a particular standard, quality, or grade when they are of another; and

(3)    failing to disclose information concerning defendants' goods that were known or should have been known to defendant at the time of the contract, so as to induce the contract, where this transaction would not have occurred had truthful disclosures about the Defendants rental equipment and faulty tires had been disclosed to Plaintiff.

Plaintiff reserves the right to amend or plead additional negligent acts or omissions in the future.

## VIII.   DAMAGES

8.1    As the direct and proximate cause of the above-listed negligent acts and DTPA violations by these Defendants, Plaintiff has suffered in each of the following ways:

1.    he has and will continue to suffer severe pain and suffering in the future;

2.    he has suffered mental anguish in the past and will continue to suffer mental anguish in the future;

3. he incurred medical expenses in the past and will incur medical expenses in the future;

4. he has suffered loss of past wages, future earning capacity and vocational rehabilitation costs both past and future;

5. he has and will continue to suffer permanent disfigurement in the past and in the future; and

6. he has and will continue to suffer permanent physical impairment in the past and in the future.

8.2    Plaintiff seeks damages in excess of one million dollars ($1,000,000) from Defendants.

Plaintiff reserves the right to plead additional and/or more specific damages in the future as more facts become known.   Plaintiff seeks both past and future damages.

## IX.    CONDITIONS PRECEDENT

9.1    Plaintiffs performed all conditions precedent to filing this action. By letter from the undersigned attorney, Plaintiff made a formal demand against Defendant pursuant to the Texas Deceptive Trade Practice and Consumer Protection Act ("DTPA").   and the breach of contract provisions of the Texas Civil Practice & Remedies Code.

9.2    Demand was sent via certified mail, return receipt requested, and via first class mail to Defendants principal office in Raymondville, Texas, and to the company's registered agent.

## X.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be duly cited to appear and answer the allegations asserted in this petition, and that upon final trial of this claim, Plaintiff be granted the following:

1. Judgment against Defendants for the full amount of Plaintiff's damages, special and general, in law and in equity;

2. prejudgment and postjudgment calculated at the market rate of interest, or, in the alternative, at the statutory rate in order to fully compensate Plaintiff for the delay of receiving payment for his damages;

3. court costs; and

4. all other relief to which this Court may find Plaintiff justly entitled to receive.

## XI.  JURY DEMAND

11.1   Plaintiff respectfully requests a trial by jury.

## XII.   REQUEST FOR DISCLOSURE

12.1   Pursuant to Rule 194, Defendants are requested to disclose within 50 days of service of this request the information or material described in Rule 194 of the Texas Rules of Civil Procedure.  Defendants are further requested to supplement all answers to this Request for Disclosure as required by the Texas Rules of Civil Procedure.

Respectfully submitted**;**

**CARRIGAN & ANDERSON, P.L.L.C.**

By:   __/s/Stephen P. Carrigan_____
**STEPHEN P. CARRIGAN**
State Bar No. 03877000
**DAVID M. ANDERSON**
State Bar No. 24064815

**3100 Timmons Lane, Suite 210**
Houston, Texas  77027
Telephone: (713) 739-0810
Facsimile: (713) 739-0821
Email: scarrigan@ccatriallaw.com
Email: danderson@ccatriallaw.com
Legal assistant: wwatson@ccatriallaw.com
Legal assistant: adominguez@ccatriallaw.com
**ATTORNEYS FOR PLAINTIFFS**

Filed 5/4/2020 12:00 AM
Isabel Adame
District Clerk
Willacy County, Texas
Reviewed By: Isabel Mejia

CAUSE NO. 2019-CV-0084-A

| | | |
|---|---|---|
| REYNALDO CUEVA, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| E. L. LOPEZ, JR. TRUCKING, LLC, | § | 197th JUDICIAL DISTRICT |
| E.L. LOPEZ, JR., INDIVIDUALLY, | § | |
| BIBI'S TRUCK & TRAILER | § | |
| EQUIPMENT, LLC, AND | § | |
| LOPEZ TOWING SERVICE, LLC | § | |
| | § | |
| *Defendants.* | § | WILLACY COUNTY, TEXAS |

## PLAINTIFF'S SUPPLEMENTAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, REYNALDO CUEVA, Plaintiff in the above-styled and captioned matter and files this his Supplemental Petition and in support hereof would show as follows:

## SUPPLEMENTAL FACTS

Plaintiff, REYNALDO CUEVA was injured on an on-the job incident on August 24, 2018, resulting in serious and permanent injuries. As a result, Plaintiff had to incur substantial medical bills and expenditures, which remain due and owing. Plaintiff's employer, Defendant E.L. LOPEZ JR. TRUCKING, LLC, is a workers compensation non-subscriber, however had in place and in effect at the time of this incident an Occupational Accident Policy. Your Plaintiff is a third-party beneficiary pursuant to the policy issued by Defendant PAN-AMERICAN LIFE INSURANCE COMPANY and though the policy was clearly in effect at the time and coverage was

1

clearly provided. Defendant's insurance company denied demand for legal compensation thus necessitating this lawsuit.

## ADDITIONAL PARTIES

Defendant, PAN-AMERICAN LIFE INSURANCE COMPANY is a foreign insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with process, via certified mail return receipt requested by serving its Registered Agent, COGENCY GLOBAL INC at 1601 ELM ST., STE 4360 DALLAS, TX 75201.

## ADDITIONAL CAUSES OF ACTION
## AS TO AND AGAINST DEFENDANT PAN-AMERICAN LIFE INSURANCE COMPANY

Defendant PAN-AMERICAN LIFE INSURANCE COMPANY's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under their article are made actionable by TEX. INS. CODE §541.151.

Defendant PAN-AMERICAN LIFE INSURANCE COMPANY is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of PAN-AMERICAN LIFE INSURANCE COMPANY, because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, PAN-AMERICAN LIFE INSURANCE COMPANY plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health

2

insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

Defendant PAN-AMERICAN LIFE INSURANCE COMPANY's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

Defendant PAN-AMERICAN LIFE INSURANCE COMPANY's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

The unfair settlement practice of Defendant PAN-AMERICAN LIFE INSURANCE COMPANY, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's

claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

Defendant PAN-AMERICAN LIFE INSURANCE COMPANY's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

Defendant PAN-AMERICAN LIFE INSURANCE COMPANY's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

PAN-AMERICAN LIFE INSURANCE COMPANY is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas

Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

Defendant PAN-AMERICAN LIFE INSURANCE COMPANY's conduct constitutes a breach of the insurance contract made between PAN-AMERICAN LIFE INSURANCE COMPANY and Plaintiff.

Defendant PAN-AMERICAN LIFE INSURANCE COMPANY's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of PAN-AMERICAN LIFE INSURANCE COMPANY's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

Defendant PAN-AMERICAN LIFE INSURANCE COMPANY's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

Defendant PAN-AMERICAN LIFE INSURANCE COMPANY's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

Defendant PAN-AMERICAN LIFE INSURANCE COMPANY's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though PAN-AMERICAN LIFE INSURANCE COMPANY's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

Defendant PAN-AMERICAN LIFE INSURANCE COMPANY's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

Defendant PAN-AMERICAN LIFE INSURANCE COMPANY's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

Defendant PAN-AMERICAN LIFE INSURANCE COMPANY's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim

without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:<br>THE PROMPT PAYMENT OF CLAIMS

Defendant PAN-AMERICAN LIFE INSURANCE COMPANY's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

Defendant PAN-AMERICAN LIFE INSURANCE COMPANY's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

Defendant PAN-AMERICAN LIFE INSURANCE COMPANY's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

Defendant PAN-AMERICAN LIFE INSURANCE COMPANY's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time

7

provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

Defendant PAN-AMERICAN LIFE INSURANCE COMPANY's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

Defendant PAN-AMERICAN LIFE INSURANCE COMPANY's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time PAN-AMERICAN LIFE INSURANCE COMPANY knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff damages described herein.

## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the storm have not been properly addressed or repaired in the time since the event, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant PAN-AMERICAN LIFE INSURANCE COMPANY's mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. TEX. INS. CODE §541.152.

For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

For the prosecution and collection of its claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of its action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

Plaintiff hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Willacy County, Texas.

## REQUEST FOR DISCLOSURES

Pursuant to Rule 194, Defendants are requested to disclose within 50 days of service of this request the information or material described in Rule 194 of the Texas Rules of Civil Procedure.   Defendants are further requested to supplement all answers to this Request for Disclosure as required by the Texas Rules of Civil Procedure.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be duly cited to appear and answer the allegations asserted in this petition, and that upon final trial of this claim, Plaintiff be granted the following:

1. Judgment against Defendants for the full amount of Plaintiff's damages, special and general, in law and in equity;

2. prejudgment and postjudgment calculated at the market rate of interest, or, in the alternative, at the statutory rate in order to fully compensate Plaintiff for the delay of receiving payment for his damages;

3. court costs; and

4. all other relief to which this Court may find Plaintiff justly entitled to receive.

Respectfully submitted**;**

**CARRIGAN & ANDERSON, P.L.L.C.**

By:     /s/Stephen P. Carrigan
**STEPHEN P. CARRIGAN**
State Bar No. 03877000
**DAVID M. ANDERSON**
State Bar No. 24064815
**3100 Timmons Lane, Suite 210**
Houston, Texas  77027
Telephone: (713) 739-0810
Facsimile: (713) 739-0821
Email: scarrigan@ccatriallaw.com
Email: danderson@ccatriallaw.com
Legal assistant: wwatson@ccatriallaw.com
Legal assistant: rkubik@ccatriallaw.com
**ATTORNEYS FOR PLAINTIFFS**

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing have been provided to all counsel of record listed below via Facsimile, Certified Mail, Return Receipt Requested, Email, and/or Hand Delivery, on this the 3rd day of May, 2020 in accordance with the Texas Rules of Civil Procedure.

Anthony B. James
Hodge & James, LLP
P.O. Box 534329
11617 E. Tyler Ave., Suite A
Harlingen, Texas  78550
*Email:* ajames@hodgejames.com

*/s/ Stephen P. Carrigan*

Filed 5/29/2019 12:45 PM
Isabel Adame
District Clerk
Willacy County, Texas
Reviewed By: Isabel Mejia

(2019-135)

## CAUSE NO. 2019-CV-0084-A

| | | |
|---|---|---|
| REYNALDO CUEVA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| E.L. LOPEZ, JR. TRUCKING, LLC, | § | 197TH JUDICIAL DISTRICT |
| E.L. LOPEZ, JR., INDIVIDUALLY, | § | |
| BIBI'S TRUCK & TRAILER | § | |
| EQUIPMENT, LLC AND LOPEZ | § | |
| TOWING SERVICE, LLC | § | WILLACY COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER, JURY DEMAND AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, E.L. LOPEZ, JR. TRUCKING, LLC, and E.L. LOPEZ, JR.,

INDIVIDUALLY, BIBI'S TRUCK AND TRAILER EQUIPMENT, LLC AND LOPEZ TOWING

SERVICE, LLC and hereby make and file this their Original Answer to Plaintiff's Original Petition,

and in support hereof would show the Court as follows:

### I.

### GENERAL DENIAL

1.1    Defendants deny each and every, all and singular, the allegations in Plaintiff's

Original Petition, and say they are not true, in whole or in part, and demand strict proof thereof on

the trial of this cause.

### II.

### AFFIRMATIVE DEFENSES

2.1    Any loss or damage sustained by Plaintiff, at the time and place from the occasion

mentioned in Plaintiff's Original Petition, was caused, in whole or in part, or contributed to, by the

EXHIBIT "1-F"

negligence of Plaintiff, REYNALDO CUEVA, and not on the part of these Defendants and these Defendants would invoke the doctrine of comparative responsibility.

2.2     For further answer, if such be necessary, and pleading in the alternative, Defendants would urge the Court that Defendants were not negligent at any point prior to or on the occasion in question; that Plaintiff, REYNALDO CUEVA, was 100% negligent on the occasion in question and such negligence was the sole proximate cause of the occurrence in question. Therefore, Plaintiff is barred from recovering any damages from these Defendants as a matter of law.

2.3     For further answer, if such be necessary, and pleading in the alternative, Defendants affirmatively plead that Plaintiff has failed to responsibly mitigate his damages.

2.4     For further answer, if such be necessary, and pleading in the alternative, Defendants would urge the Court that Plaintiff was suffering from pre-existing medical conditions, as that term is defined by law, at the time of the events made the basis of this lawsuit and Defendants should not be responsible for any damages caused by any pre-existing medical conditions.

2.5     For further answer, if such be necessary, and pleading in the alternative, Defendants affirmatively assert that the alleged injuries and damages, although such damages and injuries are not so acknowledged, are solely the result of subsequent conditions, diseases, illnesses, or events unrelated to the incident made the basis of this lawsuit; or in the alternative, are partially the result of subsequent conditions, diseases, illnesses, or events unrelated to the incident made the basis of this lawsuit.

2.6     For further answer, if such be necessary, and pleading in the alternative, these Defendants hereby plead the limitations on recoverable damages concerning medical or health care expenses, if any, to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to

Section 41.0105 of the Texas Civil Practice and Remedies Code.

2.7     For further answer, if such be necessary, and pleading in the alternative, these Defendants plead the pre-judgment interest rate is the same as the post-judgment interest rate pursuant to Section 304.103 of the Texas Finance Code.  Pursuant to Section 304.1045 of the Texas Finance Code, pre-judgment interest is not recoverable on a finding, if any, of future damages found by the trier of fact.

2.8     For further answer, if such be necessary, and pleading in the alternative, if claimant seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance, the loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law. TEX. CIV. PRAC. & REM. CODE §18.091(a).  If Plaintiff seeks recovery for loss of earnings or loss of earning capacity, the jury should be instructed as to whether any recovery for compensatory damages sought are subject to federal or state income taxes. TEX. CIV. PRAC. & REM. CODE §18.091(b).

2.9     For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively state that an award of exemplary damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas law, and the instructions given to the jury, are vague and standard-less as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

2.10    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiff is not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violate the provisions of the United

States Constitution and the Texas Constitution, including but not limited to the following provisions:

(a)    <u>Proscription on excessive fines</u>.     U.S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b)    <u>Requirements of Due Process</u>. U.S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c)    <u>Requirements of Equal Protection Under the Law</u>. U.S. Constitution Amendments 5 and 14; Texas Constitution Article I, Section 3 and 3a.

(d)    <u>Proscription on Ex Post Facto and Retroactive Law.</u> U.S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e)    Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U.S. Constitution, U.S. Constitution Article I, Section10.

2.11    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively deny that they are liable for exemplary damages and plead affirmatively the provisions of Chapter 41 of the Texas Civil Practice and Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

2.12    For further answer, if such be necessary, and pleading in the alternative, Defendants reserve the right to file any and all cross-actions, third party actions, counter-claims, discovery, pleadings and motions they may deem proper.

## III.

## <u>REQUEST FOR DISCLOSURE</u>

3.1    Under Tex. R. Civ. P. 194, Defendants request that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

## IV.

## JURY DEMAND

4.1     Defendants request that the above-styled and numbered cause be tried to a jury and

represents to the Court that the proper jury fee has been paid to the Clerk of this Court with the filing

of Defendants' Original Answer.

WHEREFORE, PREMISES CONSIDERED, Defendants, E.L. LOPEZ, JR. TRUCKING,

LLC, and E.L. LOPEZ, JR., INDIVIDUALLY, BIBI'S TRUCK AND TRAILER EQUIPMENT,

LLC AND LOPEZ TOWING SERVICE, LLC, respectfully pray that Plaintiff take nothing from

these Defendants and that the Court enter a judgment dismissing all claims against these Defendants

with prejudice and awarding all costs of court and expenses incurred herein, and for such other and

further relief, at law and in equity, general or special, to which these Defendants might show

themselves to be justly entitled to receive.

Respectfully submitted,

HODGE & JAMES, L.L.P.
Attorneys at Law
P.O. Box 534329 (78553)
1617 E. Tyler Ave., Suite A
Harlingen, Texas 78550
Telephone: (956) 425-7400
Facsimile:  (956) 425-7707


/s/ Anthony B. James
Anthony B. James
State Bar No. 10537300
Email: ajames@hodgejames.com

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing, Defendants' Original Answer, Jury Demand and Request for Disclosure, has been served on the 29th day of May, 2019 to all attorneys of record via E-Service as follows:

Email: scarrigan@ccatriallaw.com
Stephen P. Carrigan
David M. Anderson
Carrigan & Anderson, P.L.L.C.
3100 Timmons Lane, Suite 210
Houston, Texas 77027

*Attorneys for Plaintiff*

*/s/ Anthony B. James*
Anthony B. James

Filed 5/4/2020 12:00 AM
Isabel Adame
District Clerk
Willacy County, Texas
Reviewed By: Isabel Mejia

# CARRIGAN & ANDERSON, PLLC

3100 Timmons Lane, Suite 210
Houston, Texas  77027

Telephone
713-739-0810

Facsimile
713-739-0821

May 3, 2020

Isabel Adame
District Clerk
576 W. Main Ave, Suite 102
Raymondville, Texas 78580

Re:   Cause No.2019-CV-0084-A; Reynaldo Cueva v. Bibi's Truck & Trailer
Equipment, LLC and Lopez Trucking; In the 197th Judicial District of Willacy
County, Texas

Dear Clerk:

Please issue a citation to Defendant, Pan American Life Insurance Company, by
serving its registered agent, Cogency Global, Inc., 1601 Elm St., Suite 4360, Dallas,
Texas 75201.  Process will be via certified mail return receipt requested by the clerk
of the court.

Should you have any questions regarding the foregoing, please do not hesitate
to contact me at (713) 739-0810 x 202.

Very truly yours,

Wendy Watson
Legal Assistant to Stephen P. Carrigan

:/ww

EXHIBIT "1-G"

Filed 10/14/2019 11:39 AM
Isabel Adame
District Clerk
Willacy County, Texas
Reviewed By: Isabel Adame

CAUSE NO. 2019-CV-0084-A

| | | |
|---|---|---|
| REYNALDO CUEVA, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| E. L. LOPEZ, JR. TRUCKING, LLC, | § | 197th JUDICIAL DISTRICT |
| E.L. LOPEZ, JR., INDIVIDUALLY, | § | |
| BIBI'S TRUCK & TRAILER | § | |
| EQUIPMENT, LLC, AND | § | |
| LOPEZ TOWING SERVICE, LLC | § | |
| | § | |
| *Defendants.* | § | WILLACY COUNTY, TEXAS |

---

## MOTION TO COMPEL MEDIATION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, REYNALDO CUEVA, Plaintiff in the above-styled and captioned mater and files this his Motion to Compel Mediation and in support hereof would show as follows:

1.    This matter is ripe for a meaningful mediation.

2.    Plaintiff is guardedly optimistic that this matter may could be resolved at such a mediation.

3.    For the above reasons, Plaintiff would respectfully request that this Honorable Court order the Parties herein to proceed to a meaningful mediation.

EXHIBIT "1-H"

Respectfully submitted;

**CARRIGAN & ANDERSON, P.L.L.C.**

By:     __/s/Stephen P. Carrigan_____
               **STEPHEN P. CARRIGAN**
               State Bar No. 03877000
               **DAVID M. ANDERSON**
               State Bar No. 24064815
               **3100 Timmons Lane, Suite 210**
               Houston, Texas  77027
               Telephone: (713) 739-0810
               Facsimile: (713) 739-0821
               Email: scarrigan@ccatriallaw.com
               Email: danderson@ccatriallaw.com
               Legal assistant: wwatson@ccatriallaw.com
               Legal assistant: adominguez@ccatriallaw.com
               **ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, Motion to Compel Mediation, has been served on the 14th day of October, 2019 to all attorneys of record via E-Service as follows:

Anthony B. James
Hodge & James, LLP
P.O. Box 534329 (778553)
1617 E. Tyler Ave., Suite A
Harlingen, Texas  78550
Email: ajames@hodgjames.com

               /s/Stephen P. Carrigan_____
               Stephen P. Carrigan

11/21/2019 4:13 PM
Isabel Adame
District Clerk
Willacy County, Texas
Reviewed By: Isabel Mejia

CAUSE NO. 2019-CV-0084-A

| | | |
|---|---|---|
| REYNALDO CUEVA | § | IN THE DISTRICT COURT OF |
|    Plaintiff | § | |
| | § | |
| VS. | § | 197TH JUDICIAL DISTRICT |
| | § | |
| E.L. LOPEZ, JR., TRUCKING, LLC | § | |
| E.L. LOPEZ, JR. INDIVIDUALLY | § | |
| BIBI'S TRUCK & TRAILER | § | |
| EQUIPMENT, LLC AND LOPEZ | § | |
| TOWING SERVICE, LLC. | § | WILLACY COUNTY, TEXAS |

## FIAT/REQUEST FOR ORAL HEARING

Please take notice that Plaintiff requests an oral hearing on the below listed motion which will be brought before the Court for ruling.

1.  **Plaintiff's Motion to Compel Mediation (electronically filed 10/14/2019)**

Therefore, we ask the Court to set the above for an oral hearing on the ___05___ day of ___December___, at ___10:30___ am/p.m. in the 197th District Court, Willacy County, Texas.

11/19/2019 1:38 PM

Signed this_____ day of _____, 2019.

_____
PRESIDING JUDGE

xc: 11/21/2019

    S. Carrigan/A. James

EXHIBIT "1-I"

Respectfully submitted,

**CARRIGAN & ANDERSON, PLLC**


By:___ /s/Stephen P. Carrigan
      **Stephen P. Carrigan**
      State Bar No. 03877000
      David M. Anderson
      State Bar No. 24064815
      3100 Timmons Lane, Suite 210
      Houston, Texas 77027
      (713) 739-0810
      (7123)739-0821
      scarrigan@ccatriallaw.com
      anderson@ccatriallaw.com


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was forwarded to all interested parties as indicated below by certified mail, facsimile and/or hand delivery, return receipt requested in accordance with the Texas Rules of Civil Procedure on this the 12th day of November, 2019.

Anthony B. James
Hodge & James, LLP
P.O. Box 534329 (78553)
1617 E. Tyler Ave., Sutie A
Harlingen, Tgexas 78550
email: ajames@hodgejames.com

                   /s/ Stephen P. Carrigan
                  Stephen P. Carrigan

CAUSE NO. 2019-CV-0084-A

| | | |
|---|---|---|
| REYNALDO CUEVA, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 197th JUDICIAL DISTRICT |
| | § | |
| E. L. LOPEZ, JR. TRUCKING, LLC, | § | |
| E.L. LOPEZ, JR., INDIVIDUALLY, | § | |
| BIBI'S TRUCK & TRAILER | § | |
| EQUIPMENT, LLC, AND | § | |
| LOPEZ TOWING SERVICE, LLC | § | |
| *Defendants.* | § | WILLACY COUNTY, TEXAS |

---

## ORDER ON PLAINTIFF'S MOTION TO COMPEL MEDIATION

---

ON THIS DAY, came on to be heard Plaintiff's Motion to Compel Mediation. The Court, having considered the Motion, is of the opinion that the Motion is meritorious and should be granted.  It is therefore,

ORDERED that this matter be scheduled for mediation with an agreed date, time and mediator or within the next ninety (90) days of the execution of said Order.

Signed on this the ____ day of _____, 2019.

FILE MTN BUT ORDER NEEDS TO BE REJECTED NO HEARING HAS BEEN HEARD.

_____
PRESIDING JUDGE

EXHIBIT "1-J"

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| REYNALDO CUEVA, | § | |
| | § | |
| v. | § | |
| | § | |
| E.L. LOPEZ, JR. TRUCKING, LLC; | § | CIVIL ACTION NO. 7:20-cv-141 |
| E.L. LOPEZ, JR., INDIVIDUALLY; | § | |
| BIBI'S TRUCK & TRAILER | § | |
| EQUIPMENT, LLC; LOPEZ | § | |
| TOWING SERVICE, LLC; AND | § | |
| PAN-AMERICAN LIFE INSURANCE | § | |
| COMPANY | § | |

## LIST OF ALL COUNSEL OF RECORD

**For Plaintiff Reynaldo Cueva:**

Stephen P. Carrigan
David M. Anderson
CARRIGAN & ANDERSON, P.L.L.C.
3100 Timmons Lane, Suite 210
Houston, Texas  77027
Telephone: 713.739.0810
Facsimile: 713.739.0821
scarrigan@ccatriallaw.com
danderson@ccatriallaw.com

**For Defendant Pan-American Life
Insurance Company**

Joseph D. Zopolsky
James C. Erdle, Jr.
Michael C. Dodge
Christopher K. Chapaneri
Glast, Phillips & Murray, P.C.
14801 Quorum Drive
Suite 500
Dallas, Texas  75254-1449
Telephone: 972.419.8300
Facsimile: 972.419.8329
jzopolsky@gpm-law.com
jerdle@gpm-law.com
mdodge@gpm-law.com
cchapaneri@gpm-law.com

EXHIBIT
"1-K"

**For E.L. Lopez, Jr. Trucking, LLC;**
**E.L. Lopez, Jr., Individually;**
**Bibi's Truck and Trailer Equipment, LLC;**
**Lopez Towing Service, LLC:**

Anthony B. James
HODGE & JAMES, L.L.P.
P.O. Box 534329 (78553)
1617 E. Tyler Ave., Suite A
Harlingen, Texas  78550
Telephone: 956.425.7400
Facsimile: 956.425.7707
ajames@hodgejames.com

# Citation

**THE STATE OF TEXAS**

> To: **Pan-American Life Insurance Company**
> **Reg. Agent, Cogency Global Inc.**
> **1602 Elm St., Ste 4360**
> **Dallas, TX 75201**

**Defendant** in the hereafter-styled and numbered cause **2019-CV-0084-A**

YOU ARE HEREBY COMMANDED TO APPEAR before the 197th District Court of **Willacy** County, Texas to be held at the courthouse of said county in the City of **Raymondville**, Willacy County, Texas, by filing a written answer to the **Supplemental Petition** of Plaintiff **Reynaldo Cueva** at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number **2019-CV-0084-A** styled, **Reynaldo Cueva v. E. L. Lopez, Jr. Trucking, LLC, E.L. Lopez, Jr., Individually, Bibi's Truck & Trailer Equipment, LLC, and Lopez Towing Service, LLC** filed in said court on this the **4th day of May, 2020.**

**Plaintiff** is represented by **Stephen P. Carrigan** whose address is **3100 Timmons Lane, Suite 210, Houston, TX 77027.**

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office this the **4th day of May, 2020.**

Isabel Adame
District Clerk
of <u>Willacy</u> County Texas
576 West Main Street, Suite 102
Raymondville, Texas 78580
BY: _____, Deputy

NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

EXHIBIT "1-L"

# Case Information

## Reynaldo Cueva vs. Bibi's Truck Trailer Equipment, LLC, Lopez Trucking, E.L. Lopez, Jr. Trucking

2019-CV-0084-A

 🔄 📁 ▾ 👁 (15 left) 🖨 🔗 [ FILE INTO ]

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Willacy County - District Clerk | Civil - Injury or Damage | Other Injury or Damage | 3/6/2019 |

## Parties ⓘ

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | Reynaldo Cueva ▾ | Stephen Carrigan ▾ |
| Defendant | Bibi's Truck Trailer Equipment, LLC ▾ | |
| Defendant | Lopez Trucking ▾ | |
| Defendant | E.L. Lopez, Jr. Trucking ▾ | Anthony James ▾ |
| Defendant | Eusebio L Lopez JR ▾ | |
| Defendant | Lopez Towing Service, LLC ▾ | |
| Defendant | Pan American Life Insurance Company ▾ | |

## Filings 11    [ Oldest ]  [ Search in Filings ] 🔍 ❓      [+ ALL] [− ALL]

### Application
ltr to clerk - request citations

**File Date** 3/6/2019

| Name | Description | Security | Pages | Price | |
|---|---|---|---|---|---|
| ltr to clerk - request citations.pdf | ltr to clerk - request citations.pdf | Does not contain sensitive data | 1 | $0.10 | Available until 6/28/20 |

### Petition
Plaintiff's Original Petition and Request for Disclosure

**File Date** 3/6/2019

| Name | Description | Security | Pages | Price | |
|---|---|---|---|---|---|
| Original Petition.pdf | Original Petition.pdf | Does not contain sensitive data | 8 | $0.80 | Available until 6/28/20 |

### No Fee Documents
clerk ltr - request citations

**File Date** 3/11/2019

| Name | Description | Security | Pages | Price | |
|---|---|---|---|---|---|
| ltr to clerk -request citations 4.pdf | ltr to clerk -request citations 4.pdf | Does not contain sensitive data | 2 | $0.20 | Available until 6/28/20 |

### Amended Filing
Plaintiff's First Amended Petition and Request for Disclosure

**File Date** 3/11/2019

| Name | Description | Security | Pages | Price | |
|---|---|---|---|---|---|
| CUEVA FIRST AMENDED OP.pdf | CUEVA FIRST AMENDED OP.pdf | Does not contain sensitive data | 9 | $0.90 | Available until 6/28/20 |

### Answer/Response
Defendants' Original Answer, Jury Demand and Request for Disclosure

**File Date** 5/29/2019

| Name | Description | Security | Pages | Price | |
|---|---|---|---|---|---|
| Answer - Original.pdf | Answer - Original.pdf | Does not contain sensitive data | 6 | $0.60 | Available ur '20 |

### Motion (No Fee)

**File Date** 10/14/2019

Motion to Compel Mediation

| Name | Description | Security | Pages | Price | |
|------|-------------|----------|-------|-------|---|
| MTC Mediation.pdf | MTC Mediation.pdf | Does not contain sensitive data | 2 | $0.20 | Available until 6/28/20 |

# Reynaldo Cueva vs. Bibi's Truck Trailer Equipment, LLC, Lopez Trucking, E.L. Lopez, Jr. Trucking
2019-CV-0084-A

Proposed Order

File Date
10/14/2019



| Name | Description | Security | Pages | Price | |
|------|-------------|----------|-------|-------|---|
| Prop Order-mediation.pdf | Prop Order-mediation.pdf | Does not contain sensitive data | 1 | $0.10 | Available until 6/28/20 |

## No Fee Documents
Fiat-Request for Oral Hearing

File Date
11/12/2019

| Name | Description | Security | Pages | Price | |
|------|-------------|----------|-------|-------|---|
| Fiat-Reqeust for Oral Hearing.pdf | Fiat-Reqeust for Oral Hearing.pdf | Does not contain sensitive data | 2 | $0.20 | Available until 6/28/20 |

## Amended Filing
Plaintiff's Supplemental Petition

File Date
5/4/2020

| Name | Description | Security | Pages | Price | |
|------|-------------|----------|-------|-------|---|
| Plaintiff's Supp Petition.pdf | Plaintiff's Supp Petition.pdf | Does not contain sensitive data | 12 | $1.20 | Available until 6/28/20 |

## No Fee Documents
ltr to clerk - request citation

File Date
5/4/2020

| Name | Description | Security | Pages | Price | |
|------|-------------|----------|-------|-------|---|
| ltr to clerk - request citation.pdf | ltr to clerk - request citation.pdf | Does not contain sensitive data | 1 | $0.10 | Available until 6/28/20 |

## Request
Request for Documents

File Date
5/18/2020

| Name | Description | Security | Pages | Price | |
|------|-------------|----------|-------|-------|---|
| Request.for.Documents.2019-CV-0084-A.pdf | Request.for.Documents.2019-CV-0084-A.pdf | Does not contain sensitive data | 1 | $0.10 | Available until 6/28/20 |

© 2020 Tyler Technologies, Inc. | All Rights Reserved
Version: 2020.0.1.3086



Filed 5/18/2020 5:05 PM
Isabel Adame
District Clerk
Willacy County, Texas
Reviewed By: Isabel Mejia

# GLAST, PHILLIPS & MURRAY

A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS

**Michael C. Dodge**
**MDODGE@GPM-LAW.COM**
**(972) 419-7172**

14801 QUORUM DRIVE, SUITE 500
DALLAS, TEXAS 75254-1449
MAIN (972) 419-8300
FAX (972) 419-8329

WWW.GPM-LAW.COM

## REQUEST FOR DOCUMENTS

Re:    Cause Number: 2019-CV-0084-A; 197th District Court; Reynaldo Cueva v. Bibi's Truck & Trailer Equipment, LLC and Lopez Trucking

Please accept this letter as a request for a copy of each the following documents reflected in the current Case Summary:

- Event #1:      Original Petition
- Event #3:      E-Mail Communication
- Event #4:      Amended Petition
- Event #9:      Answer
- Event #10:     Motion

Please send all communications and attachments to mdodge@gpm-law.com, or fax to (972) 419-8300.

Thank you,

Mike Dodge

EXHIBIT "1-N"